# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 40760** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Justin T. LORNE** | ) | |
| **Staff Sergeant (E-5)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 2** |

On 28 June 2024, a general court martial composed of a panel of officer and enlisted members convicted Appellant, contrary to his pleas, of one specification of sexual abuse of a child by indecent language, in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b. The members sentenced Appellant to 15 months' confinement, reduction to the grade of E-1, forfeiture of all pay and allowances, and a dishonorable discharge. The convening authority took no action on the findings or the sentence. Appellant's case was docketed with this court on 12 February 2025. From the date of docketing Appellant has requested and received 14 enlargements of time.

On 6 June 2026, Appellant moved this court for leave to file a motion for remand, accompanied by the motion for remand, to correct omissions in the record. According to counsel for Appellant, various items were identified as missing from the eROT and also missing from the court's record of trial: (1) Appellate Exhibit XII, Attachment 1; (2) Appellate Exhibit XIII, Attachment 47; (3) Appellate Exhibit XIII, Attachment 48; (4) Appellate Exhibit XV, Attachment 2; and (5) Appellate Exhibit XV, Attachment 3. Additionally, Appellant's trial defense counsel's description on the record of Appellate Exhibit XXIV is different from Appellate Exhibit XXIV located in the record of trial.

On 15 June 2026, the Government opposed Appellant's motion indicating the missing items identified by Appellant were "insubstantial omissions that can be remedied by attaching the omitted material to the record."

On this same date, 15 June 2026, the Government moved this court to attach all the above-mentioned missing exhibits, and forwarded them to the court via DoD SAFE. We rule on this motion before the 7-day opposition period expires. *See* JT. CT. CRIM. APP. R. 32.

Rule for Courts-Martial (R.C.M.) 1112(b), *Contents of record of trial*, specifically states what the records of trial in every special and general court-martial shall include. "[I]f a record is incomplete or defective, a court reporter or any party may raise the matter to the military judge for appropriate corrective action." R.C.M. 1112(d)(2). "A superior competent authority [such as Courts of Criminal Appeals] may also return the record of trial to the military judge for correction under this rule. *Id.* Upon notice of the matter, "[t]he military judge shall give notice of the proposed correction to all parties [of the court-martial] and permit them to examine and respond to the proposed correction." *Id.*

Accordingly, it is by the court on this 17th day of June, 2026,

**ORDERED:**

Government's Motion to Attach, dated 15 June 2026, is **DENIED**.

Appellant's Motion for Leave to File and Motion for Remand is **GRANTED**.

The record of trial in Appellant's case is **RETURNED** to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d) to account for the above-described defects, and all other portions of the record that are determined to be missing or defective hereafter, after consultation with the parties. *See* R.C.M. 1112(d)(2)–(3). Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66(d), Uniform Code of Military Justice, 10 U.S.C. § 866(d).

The record of trial will be returned to the court not later than **15 July 2026**. If the record cannot be returned to the court by that date, the Government will inform the court in writing not later than **13 July 2026** of the status of the Government's compliance with this order.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court